MR. JUSTICE MORRISON,
dissenting:
I agree with the majority conclusion that Walters’ testimony constituted a comment on the evidence and was impermissible. I agree that such testimony constitutes harmless error.
The victim’s testimony can be summarized as follows: (1) The victim wanted a ride home but did not want to have sex with defendant. (2) The victim was not “picked up” by the defendant in the bar. (3) The victim was, for all practical purposes, a prisoner in the defendant’s car at the time it was parked in the Pattee Canyon area.
The chief witness for the State was challenged, not only by the defendant, but by Diane Gettes, the victim’s female companion at the bar. Directly contrary to the victim’s testimony, Gettes testified *232 that the victim told her she was going home with the defendant. It was her impression that the two were leaving to have sex.
Defendant testified that near the end of the sexual encounter he became violent toward the complainant and that he pulled her hair and choked her. He testified that the sex was very aggressive and that, at one point he mistakenly penetrated the victim’s anus. The defendant’s testimony is as much corroborated by the physical facts as is that of the complaining witness.
I am unable to say that the evidence of guilt is so overwhelming that the credibility of the complaining witness did not come into play. Dr. Walters’ testimony, bolstering that of the victim, could well have influenced the jury. Under these circumstances, we should reverse and remand for a new trial.
I also feel that the trial bench and bar will be somewhat confused by the majority’s position. Apparently the rational of Liddell is approved. The majority seems to confine admissibility of rape trauma syndrome testimony to those instances where medical personnel, having observed demeanor shortly following the alleged incident, testifies that such demeanor is compatible with a significant traumatic incident such as rape. The expert will not be allowed to comment on the credibility of the complaining witness. Whether this rule will be capable of practical application remains to be seen.
I would reverse and remand for a new trial.